IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HALL DATA SYNC TECHNOLOGIES LLC, § § § | |
| Plaintiff, § § | CASE NO. 2:15-CV-00006-JRG |
| v. § § | |
| APPLE INC., § § | |
| Defendant. § § | |

## ORDER

Before the Court is the Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Dkt. No. 44) filed by Defendant Apple Inc ("Defendant"). Plaintiff Hall Data Sync Technologies LLC opposes the motion.

28 U.S.C § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district court or division where it might have been brought." However, a motion to transfer venue should only be granted upon a showing that the transferee venue is "clearly more convenient" than the venue chosen by the plaintiff. *In re Nintendo Co.*, 589 F.3d 1194, 1197 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1388, 1342 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008); *In re Volkswagen of America, Inc. (Volkswagen II)*, 545 F.3d 304, 315 (5th Cir. 2008). District courts have "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) (quoting *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987)).

The initial question in applying the provisions of § 1404(a) is whether the suit could have originally been brought in the proposed transferee district. *In re Volkswagen AG* (*Volkswagen I*), 371 F.3d 201, 203 (5th Cir. 2004). If the transferee district is a proper venue, then the Court must weigh the relative public and private interest factors of the current venue against the proposed transferee venue. *Id.* In making such a convenience determination, the Court considers several private and public interest factors. *Id.* The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Nintendo*, 589 F.3d at 1198; *Genentech*, 566 F.3d at 1342; *TS Tech.*, 551 F.3d at 1319; *Volkswagen II*, 545 F.3d at 315. The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law." *Nintendo*, 589 F.3d at 1198; *Genentech*, 566 F.3d at 1342; *TS Tech.*, 551 F.3d at 1319; *Volkswagen II*, 545 F.3d at 315. Although the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *Volkswagen II*, 545 F.3d at 314-15.

In the Fifth Circuit, the plaintiff's choice of venue has not been considered a factor in this analysis. *Volkswagen II*, 545 F.3d at 314-15. Rather, the plaintiff's choice of venue has been seen as contributing to the defendant's burden in proving that the transferee venue is "clearly more convenient" than the transferor venue. *Id.* at 315; *Nintendo*, 589 F.3d at 1200; *TS Tech*, 551 F.3d at 1319.

Having determined that the initial filing could have been proper in the Northern District of California and further having carefully considered the parties' arguments and the public and private interest factors presented under § 1404(a), the Court finds that Defendant has met its burden such that the Court finds that the Northern District of California is a clearly more convenient forum for the resolution of this action.

Accordingly, Defendant's Motion to Transfer Venue (Dkt. No. 44) is **GRANTED.** It is **ORDERED** that this case be transferred to the United States District Court for the Northern District of California.  The Clerk is directed to take such steps as are necessary to effect this transfer.

**So ORDERED and SIGNED this 9th day of June, 2015.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

3